# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
    v. )    I.D. No. 2012010059
)            2101003496
GEORGE CURTIS, )
)
    Defendant. )

Submitted: July 30, 2025
Decided: September 16, 2025

## ORDER

***Upon Defendant's Motion in Limine to Exclude Dr. Mechanick [sic] Testimony***

**DENIED**

    **1.** Defendant has filed a motion *in limine* to exclude the expert testimony of Dr. Stephen Mechanick. For the reasons that follow, Defendant's motion is **DENIED.**

## PROCEDURAL BACKGROUND

    **2.** On May 30, 2023, Defendant filed a Motion to Withdraw Guilty Plea, alleging that he did not knowingly and voluntarily enter his plea due to mental health conditions, including Post-Traumatic Stress Disorder, Bipolar II Disorder, Dissociative Identity Disorder, and Generalized Anxiety Disorder, combined with a lack of sleep the night before entering the plea. As a result, Defendant was evaluated by Dr. Laura Cooney-Koss and Dr. Stephen Mechanick. On November 4, 2024, the State provided Defendant with a copy of Dr. Mechanick's psychological report.

    **3.** On December 10, 2024, and December 11, 2024, this Court heard expert testimony from Dr. Stephen Mechanick ("Dr. Mechanick") concerning Defendant George Curtis' competency at the time he entered his guilty plea.

**4.** At no point before or during Dr. Mechanick's testimony did Defendant object to Dr. Mechanick's qualifications as an expert under Delaware Rule of Evidence ("D.R.E.") 702[1], nor did Defendant challenge the admissibility of Dr. Mechanick's testimony on *Daubert* grounds.[2]

**5.** On July 16, 2025, more than seven months after Dr. Mechanick testified and his expert opinion was admitted into evidence, Defendant filed a *pro se* Motion *in Limine* seeking to exclude Dr. Mechanick's expert testimony.

**6.** On July 30, 2025, the State filed a response opposing Defendant's motion, arguing that the Defendant's failure to timely object waived any challenge to the admissibility of Dr. Mechanick's testimony.

## ANALYSIS

**7.** D.R.E. 103(a)(1) provides that a party may claim error in admitting evidence only if the party (A) timely objects or moves to strike, and (B) states the specific ground, unless apparent from context.

---

[1] D.R.E. 702, in relevant part, provides that "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

[2] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–95 (1993) (holding that Federal Rule of Evidence 702 requires trial judges to act as gatekeepers to ensure expert testimony is both reliable and relevant); *see also In re Zantac (Ranitidine) Litig.*, 2025 WL 1903760, at *8 (Del. July 10, 2025) ("D.R.E. 702 governs the admissibility of expert opinion testimony . . . Delaware has adopted *Daubert*, and a well-developed body of caselaw explains how D.R.E. 702 and *Daubert* are to be applied.").

**8.** Objections to expert testimony under *Daubert* and D.R.E. 702 must be raised before or during the hearing when the testimony is offered. Failure to timely object waives the right to challenge admissibility.[3]

**9.** Defendant's Motion *in Limine* seeks to exclude Dr. Mechanick's expert testimony *seven months* after the testimony was received and admitted into evidence. At no point prior to or during the December 2024 competency hearing did Defendant object to Dr. Mechanick's qualifications, methodology, or conclusions.

**10.** Delaware requires that *Daubert*-based objections be raised before or during the hearing.[4] Defendant's delay on raising his challenge defeats the purpose of *Daubert*, which is to allow courts to rule on admissibility before unreliable evidence reaches the factfinder.[5]

**11.** Because Defendant failed to timely object, any challenge to Dr. Mechanick's qualifications or opinions has been waived. Having already cross-examined Dr. Mechanick during the competency hearing, Defendant cannot now retroactively exclude evidence that was properly admitted months ago.

**12.** Accordingly, Defendant's Motion *in Limine* to exclude Dr. Mechanick's testimony is procedurally barred and must be denied.

**13.** For the foregoing reasons, Defendant's motion is **DENIED.**

---

[3] *See Beard Rsch. v. Kates*, 8 A.3d 573, 593 (Del. Ch. 2010), *aff'd sub nom. ASDI, Inc. v. Beard Rsch., Inc.,* 11 A.3d 749 (Del. 2010) (holding that "a party challenging expert evidence on *Daubert* grounds must do so in a timely fashion" and finding that defendants waived their *Daubert* challenge by failing to object during pretrial proceedings or trial).
[4] *Id.*
[5] *See Daubert*, 509 U.S. at 589.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP/tls

oc:   Prothonotary
cc:   George Curtis, *Pro Se*, JTVCC
       Erik C. Towne, DAG
       Dennis Kelleher, DAG

4